WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherrie Rena Garcia,<br><br>              Plaintiff,<br>vs.<br><br>Carolyn W. Colvin,<br>Commissioner of Social Security,<br><br>              Defendant. | No. CV-11-1193-PHX- BSB<br><br>**ORDER** |

      Plaintiff Sherrie Rena Garcia (Plaintiff) has filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 47.) Defendant, the Commissioner of the Social Security Administration (the government), opposes this motion. (Doc. 50.) For the reasons set forth below, the Court grants the motion and awards fees to Plaintiff in the amount of $10,065.47.

**I. Procedural History**

      On October 15, 2007, Plaintiff applied for Disability Insurance Benefits under Title II and Title XVI of the Social Security Act (the Act), 42 U.S.C. § 401-434. (Tr. 15.)[1] Plaintiff alleged disability with an onset date of September 1, 2002. (*Id*. at 32.) Plaintiff's application was denied at the initial level of administrative review. After a

---

[1] Citations to "Tr." are to the administrative record located at docket 30.

1

hearing, on December 30, 2009, an Administrative Law Judge (ALJ) denied Plaintiff's application for benefits. (*Id.* at 5-22) This decision became the final decision of the Commissioner of Social Security when the Social Security Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id*. at 1-3.)

Plaintiff then brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision. (Doc. 1.) This Court issued an order on January 23, 2013, remanding for further proceedings because it found that the ALJ erred by failing to find that Plaintiff's fibromyalgia was a severe impairment within the meaning of the regulations, and by terminating the evaluation of Plaintiff's case at step two of the sequential evaluation process.[2] (Doc. 45 at 6, 8, 10.)

Plaintiff subsequently filed the pending motion requesting $9,604.67 in attorney's fees. (Doc. 47.) In her Reply, Plaintiff seeks an additional $460.80 in attorney's fees for time spent preparing her Reply. (Doc. 51.) The government argues that the motion should be denied because its position was substantially justified. The government alternatively argues that amount of fees should be reduced.

## II.     Attorney's Fees under the EAJA

In any action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added); *see Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988) (stating that the EAJA creates a presumption that fees will be awarded to the prevailing party unless the government establishes that its position was "substantially justified"). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

---

[2] Although Plaintiff's motion refers to two orders that were not issued in this case (Doc. 47 at 2, referring to March 11, 2011 order remanding for an award of benefits and to a June 24, 2011 order denying the government's motion for reconsideration), her supporting brief refers to the relevant order (Doc. 45) remanding this matter for further proceedings.

"Substantially justified means justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A substantially justified position must have a reasonable basis both in law and fact. *Id* "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 2013 WL 3802382, at *1 (9th Cir. Jul. 23, 2013). The EAJA specifically provides that, "'[t]he position of the United States' means, in addition to the posture taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the Social Security context, the Ninth Circuit treats the ALJ's decision as the "action or failure to act by the agency upon which the civil action is based." *Meier*, 2013 WL 3802382, at *2. Thus, when applying the substantial justification test, the court determines "(1) whether the [ALJ] was substantially justified in taking [the] original action, and (2) whether the government was substantially justified in defending the validity of the action in court." *Gutierrez*, 274 F.3d at 1258; *see also Meier*, 2013 WL 3802382, at *3 ("Applying the substantial justification test [in the Social Security context, the court] first consider[s] the underlying agency action, which . . . is the decision of the ALJ. [The court] then considers the government's litigation position.").

**III. Analysis**

**A. Prevailing Party**

The Court must first determine whether Plaintiff qualifies as a prevailing party under the EAJA. A plaintiff is a prevailing party if he or she succeeds on "any significant issue that achieves some of the benefit sought in bringing the suit." *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) (citing *Tex. State Teachers Ass'n. v. Garland Indep. School Dist.*, 489 U.S. 782, 791-92 (1989)). A claimant who obtains a court order remanding a Social Security case to the Commissioner either for further proceedings or for an award of benefits is a prevailing party under the EAJA. *Shalala v. Schaefer*, 509

1  U.S. 292, 300-01 (1993).  Here, the parties do not dispute that Plaintiff is a prevailing
2  party because the Court remanded this matter for further proceedings.  *See Gutierrez*, 274
3  F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for
4  purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of
5  whether disability benefits are ultimately awarded.").

### B.  Underlying Agency Conduct

7  The parties dispute whether the ALJ's decision was substantially justified.  Here,
8  the order remanding this matter was based on the Court's conclusion that the ALJ erred
9  by failing to find fibromyalgia was a severe impairment within the meaning of the
10 regulations, and by terminating evaluation of Plaintiff's case at step two of the sequential
11 evaluation process.  (Doc. 45 at 6, 8, 10.)  The Court concluded that "[b]ecause issues
12 remain regarding Plaintiff's residual functional capacity and her ability to perform other
13 work existing in significant numbers in the national economy, this matter must be
14 remanded to the Commissioner for further administrative proceedings."  (*Id*. at 11.)

15 In response to Plaintiff's request for attorney's fees, the government argues that
16 the long intervals between Plaintiff's medical treatment support the ALJ's determination
17 that Plaintiff's fibromyalgia was not severe. (Doc. 50 at 4).  The government raised this
18 same argument in its Opposition to Plaintiff's Opening Brief.  (Doc. 40 at 10-11.)   The
19 Court rejected this argument explaining that because the ALJ did not rely on this
20 rationale in support of her findings, the Court could not affirm the ALJ's decision based
21 on that evidence. (Doc. 45 at 8 n.5)   The government reiterates arguments from its
22 opposition brief and does not present any new arguments in support of the ALJ's
23 decision.  Thus, the government has not met its burden of establishing that the ALJ's
24 position was substantially justified.  *See Eames v. Bowen*, 864 F.2d 251, 252, (2d Cir.
25 1988) (the government must make a "strong showing" to carry its burden).
26 / / /
27 / / /
28 / / /

- 4 -

### C. Litigation Position

Because the government's underlying position was not substantially justified, the Court need not address whether the government's litigation position was justified. *Meier*, 2013 WL 3802382, at *4 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings.")). Moreover, even if the Court considered the government's position in this litigation, the Court would find that it was not substantially justified. *See Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir. 1996) (stating that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). The government's defense of the ALJ's decision mainly restates its arguments that the Court previously rejected in its order remanding this matter for further proceedings. In view of the errors in the ALJ's analysis, the Court cannot find that the government was substantially justified in defending the ALJ's determination in this case. Accordingly, the Court will award Plaintiff attorney's fees under the EAJA.

## IV. Award of Attorney's Fees

Plaintiff's counsel has filed an affidavit and an itemized statement of attorney's fees showing that he worked 54.7 hours on this case and that the attorney's fees total $10,065.47. (Docs. 49, Ex. 1; Doc. 51.) The amount of fees requested is based on the following hourly rates and hours of work: (1) 2011, hourly rate $180.59 and 4.5 hours; (2) 2012, hourly rate $184.32 and 44.6 hours; and (3) 2013, hourly rate $184.32 and 5.6 hours. (Docs. 49, Ex. 1; Doc. 51.) The government contends that courts have found no more than forty hours to be the typical number of hours spent on social security appeals and that, because Plaintiff's counsel apparently relied on his brief filed in the underlying administrative action to prepare the opening brief in this proceeding, the Court should reduce the hours billed by an unspecified number of hours. (Doc. 50 at 5-6.)

Plaintiff argues that the time spent on this case was reasonable and that her request for attorney's fees comports with the amount of fees awarded in other social security

1 cases. (Doc. 4-8.) Plaintiff cites *Costa v. Commr. of Soc. Sec Admin.*, 690 F.3d 1131, 1134 n.1 (9th Cir. 2012), in which the Ninth Circuit faulted the district court for seemingly applying what it perceived as a district-wide rule setting forty hours as the upper limit for hours billed in social security cases and reducing a fee award with an "eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal service provided." *Id.* The Ninth Circuit cited to its decision in *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008), in which it opined that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." The *Moreno* decision further stated that due to the district court's familiarity with the case, it could exercise its discretion to impose slight reductions of no more than ten percent without specific explanation, but that the court must clearly explain larger reductions. *Id.*

Here, the government objects to 25.2 hours that counsel billed for preparing the opening brief in this case. (Doc. 50 at 6.) The government contends that the opening brief contains nearly the same arguments that Plaintiff included in her brief submitted to the Appeals Council. The government asserts that Plaintiff should not be awarded attorney's fees for work performed prior to the time that the complaint was filed in this Court. (Doc. 50 at 6 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991).) Although the two briefs are similar, the opening brief includes additional factual and procedural information. The Court does not find the briefs sufficiently duplicative to warrant reducing the number of hours. The Court finds that Plaintiff's attorney spent a reasonable number of hours working on this matter. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (the district court has discretion to determine a reasonable fee award); *see also* 28 U.S.C. § 2412(b). Thus, the Court will consider the appropriate hourly rate.

The EAJA limits attorney's fees to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has suggested that an increase based on the cost of

living is "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (quoting *Pierce*, 487 U.S. at 571 (1988)). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed ($155.70). *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463) (9th Cir. 1988)). Plaintiff has calculated the attorney's fees award based on hourly rates that are slightly less than or equal to the statutory maximum hourly rate under the EAJA. *See* 'Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Aug. 6, 2013).[3] Accordingly, the Court awards Plaintiff attorney's fees in the amount of $10,065.47.

Finally, Plaintiff requests that the Court order that "any check be sent to Plaintiff's counsel's office." (Doc. 48 at 10.) The government does not object to this request. (Doc. 50.) In *Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct. 2521 (2010), the Supreme Court held that EAJA fees are payable to the prevailing party, not his attorney. In so holding, the Court noted the "practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to the 'prevailing part[ies]'" because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." *Id.* at 2529 (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)). The Court further noted that such "arrangements would be unnecessary if . . . statutory fees language like that in . . . EAJA provide[d] attorneys with a statutory right to direct payment of awards." *Id*. Thus, although *Ratliff* clarifies that EAJA awards

---

[3] The applicable statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, are as follows: first half of 2013 - $186.55; 2012 - $184.32; and 2011 - $180.59.

of attorney's fees are payable directly to the prevailing party, it does not preclude the contractual assignment of the fee award to Plaintiff's attorney.[4] In view of *Ratliff*, the Court declines to order *direct* payment to Plaintiff's attorney. However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees under the Equal Access to Justice Act (Doc. 47) is **GRANTED** and that Plaintiff is awarded $10,065.47 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS FURTHER ORDERED** that the government shall mail the attorney's fees award (payable to Plaintiff) to Plaintiff's counsel, Mark Caldwell, Caldwell & Ober, PLLC, 1940 East Camelback Road, Suite 150, Phoenix, Arizona 85016.

Dated this 6th day of August, 2013.

_____
Bridget S. Bade
United States Magistrate Judge

---

[4] *See Brown v. Astrue*, 271 Fed. Appx. 741, 744 (10th Cir. 2008) (stating that "the private contractual arrangement between [Plaintiff] and his counsel [is] a collateral matter that the [Court] need not address when considering the EAJA fees motion.").